# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

WANDA BOURGEOIS

VERSUS

WALMART INC.

CIVIL ACTION

NO. 19-008-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the *Motion for Summary Judgment* (Doc. 13) filed by Defendant Walmart Inc. ("Defendant"). Plaintiff Wanda Bourgeois ("Plaintiff") opposes the motion. (Doc. 15.) No reply was filed. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted.

I. **Relevant Background**

This is a slip and fall case with no fall. Plaintiff allegedly slid on a grape in the Walmart store in Gonzales, Louisiana, and sustained injuries.

Defendant filed the instant motion arguing that there was no genuine issue of material fact on the issue of Defendant creating an unreasonably dangerous condition or having actual or constructive notice of it.

Plaintiff responded with a request under Rule 56(d) for further discovery. However, Plaintiff otherwise failed to respond to the substance of Defendant's motion.

At a March 10, 2020, status conference, Plaintiff was asked what further discovery he needed in the case. Plaintiff's counsel replied that he sought video footage of the incident. Defense counsel confirmed that there was no video evidence showing the area where the incident occurred and that all video evidence had already been produced. The Court asked Plaintiff's

JURY

counsel what other evidence he had or intended to obtain on the issue of actual or constructive notice to warrant denying the motion. Plaintiff identified none.

**II.     Relevant Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**III.    Discussion**

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" take certain actions, including "(1) defer considering the motion or deny it; (2)

allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." District courts have discretion to grant or deny a Rule 56(d) motion. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). "Rule 56(d) motions for additional discovery are " 'broadly favored and should be liberally granted" because the rule is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." ' " *Am. Family*, 714 F.3d at 894 (quoting *Raby*, 600 F.3d at 561) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006))).

"Nevertheless, nonmoving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.' " *Am. Family*, 714 F.3d at 894 (quoting *Raby*, 600 F.3d at 561). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' " *Am. Family*, 714 F.3d at 894 (quoting *Raby*, 600 F.3d at 561).

Plaintiff fails to meet this liberal standard. As the Court explained at the status conference, Plaintiff's opposition wholly fails to "set forth a plausible basis for believing that specified facts, suspectable of collection within a reasonable time frame, probably exist" and fails "to indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family*, 714 F.3d at 894 (citations and quotations omitted). Plaintiff simply makes vague assertions that further discovery is needed. Moreover, Plaintiff also failed to satisfy the Rule 56(d) standard at the status conference, as Plaintiff identified no

desired evidence that would be relevant to the issue of actual or constructive notice. Without more, Plaintiff's request for Rule 56(d) relief must be denied.

Stripped of this request, Plaintiff has completely failed to oppose the substance of Defendant's brief. " 'The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal.' " *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003) (citations omitted)); *see also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"). " 'By analogy, failure to brief an argument in the district court waives that argument in that court.' " *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n. 10); *see also Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

Given Plaintiff's total failure to oppose the substance of Defendant's brief, the Court will grant Defendant's motion and dismiss Plaintiff's claims with prejudice. *See JMCB*, 336 F. Supp. 3d at 634 ("Plaintiff did not respond to the substance of any of [defendant's] arguments.... On this ground alone, the Court could dismiss Plaintiff's Amended Complaint." (numerous internal citations omitted)); *see also Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that, because plaintiff failed

to respond to defendant's argument on an issue, the Court could conclude that a policy exclusion applied (citing, *inter alia*, *JMCB*, 336 F. Supp. 3d at 634)).

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 13) filed by Defendant Walmart Inc. is **GRANTED** and that all claims by Plaintiff against Defendant are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on March 10, 2020.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**